```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KENECHUKWU OKOLI,

                 Plaintiff,
                                            MEMORANDUM & ORDER
        -against-                           15-CV-0701(JS)(SIL)

COUNTY OF NASSAU and DETECTIVE
THOMAS J. MAHER, Shield No. 1193,

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Kenechukwu Chudi Okoli, Esq.
                    K.C. Olki, Attorney at Law
                    330 Seventh Avenue, 15th Floor
                    New York, NY 10001

For Defendant:      Pablo A. Fernandez, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, New York 11501-4820
```

SEYBERT, District Judge:

Plaintiff K.C. Okoli ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants the County of Nassau (the "County") and Detective Thomas J. Maher ("Maher" and collectively "Defendants") violated Plaintiff's constitutional rights by unlawfully seizing his car, arresting him, and distributing his name to local media outlets. Pending before the Court is Defendants' motion to stay this case pending the conclusion of the underlying criminal action. (Docket Entry 4.) For the following reasons, Defendants' motion to stay is GRANTED.

## BACKGROUND[1]

Before work on the morning of November 20, 2013, Plaintiff parked his Mercedes Benz E 320 four-door sedan in front of the taxi dispatch office at the Long Island Railroad ("LIRR") station in Hempstead, New York. (Am. Compl. ¶¶ 11, 12.) When he returned from work to reclaim the vehicle, it was gone. (Am. Compl. ¶ 14.)

Plaintiff reported his car stolen to the Hempstead police on November 22, 2013 and inquired whether it had been towed. The desk officer informed Plaintiff that he had no record of Plaintiff's car being towed. (Am. Compl. ¶ 18.)

Twenty-four hours later, Plaintiff received a telephone message from Detective Maher who informed Plaintiff that he had been assigned to investigate the theft of Plaintiff's vehicle. (Am. Compl. ¶ 21.) However, Detective Maher did not say that he was also investigating Plaintiff and his car for a hit and run accident. (Am. Compl. ¶ 23.)

On December 16, 2013 Detective Maher arrived at Plaintiff's residence where, for the first time, he asked Plaintiff about a hit and run incident involving Plaintiff's vehicle. (Am. Compl. ¶ 25.) Plaintiff was arrested that same day.

---

[1] The facts of this case are taken from the Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order.

(Compl. ¶ 28.) New York State Court records show that Plaintiff was charged with assault in the third degree and leaving the scene of an accident.

Plaintiff brought this action on February 11, 2015 claiming (1) that his car was unlawfully seized in violation of his constitutional rights, (2) that he was arrested without probable cause in violation of his Fourth Amendment rights, and (3) that his due process rights were violated when Defendants provided Plaintiff's name to certain media outlets in connection with his pending criminal case. (Am. Compl. at 5-8.)

Pending before the Court is Defendants' motion to stay this case pending the outcome of Plaintiff's criminal case. (See Defs.' May 8, 2015 Ltr., Docket Entry 4.) Defendants argue that this case should be stayed because it overlaps with the criminal proceeding and that "a determination of Plaintiff's unlawful seizure of his person and property depend upon the outcome of the criminal proceedings." (May 8, 2015 Ltr. at 2.) Plaintiff argues in opposition that his civil case should proceed because it does not overlap with his criminal proceeding. (Pl.'s May 22, 2015 Ltr., Docket Entry 6, at 2.)

## DISCUSSION

District Courts have discretionary authority to stay a case in the interest of justice. Crawford & Sons, Ltd. v. Besser, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004). Courts routinely stay

civil proceedings, postpone civil discovery, and impose protective orders to manage their cases. Hicks v. City of New York, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003). However, imposing a stay is a drastic remedy. Jackson v. Johnson, 985 F. Supp. 422, 424 (S.D.N.Y. 1997). A number of factors are considered in deciding whether to stay a civil case pending the conclusion of a parallel criminal proceeding, including:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously; (4) the private interests of, and the burden on, the defendants; (5) the interests of the courts and the public.

Crawford, 298 F. Supp. 2d at 319. "A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Johnson v. N.Y. City Police Dep't, No. 01-CV-6570, 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003) (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). The Court will address each factor in turn.

I. Overlap

The issues in Plaintiff's criminal proceeding do not completely overlap with his criminal case--for example, the allegations regarding the seizure of Plaintiff's car without due process are distinct from the allegation that Plaintiff was responsible for a hit and run accident. But much of Plaintiff's

4

civil allegations derive from his criminal prosecution. For example, Plaintiff asserts that he was arrested without probable cause. A "§ 1983 claim for false arrest derives from his Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause." Jaegly v. Couch, 439 F.3d 149, 151-52 (2d Cir. 2006). Probable cause of an arrest exists when [a]n officer has "'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" Id. (quoting Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004)). The Second Circuit has held that a conviction of the underlying criminal offense establishes probable cause for the arrest as a matter of law. McLaurin v. New Rochelle Police Officers, 439 F. App'x 38, 39 (2d Cir. 2011). If Plaintiff is ultimately convicted in his criminal case, his false arrest claim will therefore not survive. Plaintiff's criminal action will thus have a direct effect on his civil false arrest claim.

II. Status of the Criminal Case

Plaintiff asserts, and Defendants do not deny, that Plaintiff's criminal case has been proceeding slowly since 2013. Indeed, Plaintiff asserts in his letter that "Detective Maher has not made a single court appearance in the criminal court . . .

5

ma[king] it impossible to proceed" with a scheduled hearing. (Pl.'s Ltr. at 2.) In addition, a court will generally deny a stay when, as here, no indictment has been issued against the criminal defendant. See In re Par Pharmaceutical, Inc., 133 F.R.D. 12, 13 (S.D.N.Y. 1990). Thus the second factor weighs in favor of allowing Plaintiff's civil case to proceed.

III. Interests of the Parties, the Court, and the Public

Although Plaintiff has an interest in expeditiously prosecuting his civil action, it is in the best interests of both the Court and the public to stay the action. There can be no dispute that Plaintiff's lawsuit arises out of events directly related to his criminal prosecution. The Court should not be called upon to decide issues that will inevitably come up in Plaintiff's criminal proceeding--namely, whether there was probable cause for Plaintiff's arrest. In addition, a resolution of Plaintiff's criminal action will likely lead to a more efficient resolution of Plaintiff's civil case, since a conviction in his civil action will negate at least one of his civil claims, and the availability of transcripts from the criminal action may obviate the need for full civil discovery. (See Johnson, 2003 WL 21664882, at *2 ("[s]taying the trial could potentially avoid a wasteful duplication of resources as this Court and the parties would have the benefit of the criminal court's rulings.") These final factors weigh in favor of granting Defendants' motion. Therefore, the

6

Court will stay this case pending the resolution of Plaintiff's criminal case.

## CONCLUSION

For the foregoing reasons, Defendants' motion (Docket Entry 4) is GRANTED, and the Clerk of the Court is directed to ADMINISTRATIVELY CLOSE this case pending resolution of Plaintiff's criminal case. The parties shall advise the Court as soon as the criminal proceedings are completed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    December __7__, 2015
           Central Islip, New York